# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP RIVERA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1208 |
| | : | |
| CATHY M. TALMADGE, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

FILED
APR 24 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

C. DARNELL JONES, II  J.                                     APRIL 23, 2019

*Pro se* Plaintiff Phillip Rivera ("Rivera"), a prisoner currently confined at Philadelphia Detention Center, has filed a civil rights Complaint and a Motion to proceed *in forma pauperis*. For the following reasons, the Court will (1) grant Rivera leave to proceed *in forma pauperis*, (2) dismiss certain Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) grant Rivera leave to file an amended complaint.

## I. FACTS

Rivera alleges that his civil rights were violated by Defendant CO Brooks on January 19, 2019 when Rivera was using the prison phone to speak with his girlfriend. (ECF No. 1, p. 2.)[1] He alleges that Brooks made a rude comment, ordered him to hang up the phone, threatened him with violence, punched him in the face, punched him to the ground, and kicked him. (ECF No. 1, p. 2.) Rivera also alleges that on February 12, 2019 Defendant Brooks punched him in the back of his head. (ECF No. 1 at 2.) Rivera states no facts concerning any other Defendant he has named in the Complaint.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

## II. STANDARD OF REVIEW

The Court will grant Rivera leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As King is proceeding pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

2

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Rivera has made no allegations that certain named Defendants were involved in the physical altercations he describes in the Complaint, including "Cathy M. Talmadge, Warden;" "Campbell, Sgt.;" and "Booker, Captain." He also makes no other allegation sufficient to put these Defendants on notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue. Further, assuming that these Defendants are named because they are supervisors, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds, Taylor v Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel J.M.K. v Luzerne Cty Juvenile Det Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as

3

the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*

While Rivera has failed to meet the Rule 8 standard with regard to these Defendants, the Court is not prepared to find that Rivera cannot, if granted the opportunity, state a plausible claim against them. Accordingly, the claims against Defendants Talmadge, Campbell and Booker will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rivera will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed against these Defendants. Rivera is advised if he fails to file an amended complaint, his case will proceed against Defendant CO Brooks only. An appropriate Order will be entered.

BY THE COURT:

_____
C. DARNELL JONES, J.